```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDWARD CURRY, SR.,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
          -against-                         20-CV-0073(JS)(AKT)

TOWN OF OYSTER BAY, MATT ROZEA,
Town Attorney; MIKE DAL, Sanitation
Employee; JAMES CEGLIA, Fireman;
VINCENT AQUILINO, Fireman; JOHN DOE,
Fireman; JOHN DOE, Fireman; OYSTER
BAY FIRE DEPARTMENT; and SANITATION
DEPARTMENT;

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:                Edward Curry, Sr., pro se
                              117 Berryhill Road
                              Oyster Bay, New York 11771

For Defendants:
Matthew M. Rozea,
Michael Dal,
Town of Oyster Bay            Matthew M. Rozea, Esq.
                              Office of the Town Attorney
                              54 Audrey Avenue
                              Oyster Bay, New York 11771

All Other Defendants:         No Appearance

SEYBERT, District Judge:

On January 3, 2020, pro se plaintiff Edward Curry, Jr. ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the Town of Oyster Bay, the Town Attorney Matt Rozea, Mike Sal who is alleged to be a sanitations department employee, James Ceglia and Vincent Aquilino, who are both alleged to be firemen, and two unidentified individuals also alleged to be

firemen and named as "John Does" (collectively, "Defendants") together with an application to proceed in forma pauperis. (D.E. 2.)[1]

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

The Court has also reviewed Plaintiff's letter motion to stay the action for six months. (Mot. to Stay, D.E. 10.) The motion to stay is GRANTED. To the extent Plaintiff seeks to amend his Complaint in the motion to stay, that request is also GRANTED and Plaintiff shall amend his Complaint in accordance with this Order. He may do so by filing an Amended Complaint on or before July 17, 2020. Given the length of time afforded to Plaintiff, this deadline will not be further extended absent a showing of good cause. Any Amended Complaint shall be titled "Amended Complaint," and shall bear docket number 20-CV-0073. Plaintiff

---

[1] On January 10, 2020, attorney (and defendant) Matthew M. Rozea, Esq., appeared on behalf of Defendants the Town, himself, and sanitation employee Mike Dal on January 10, 2020. (See, D.E. 6.) Once Plaintiff files the Amended Complaint, Mr. Rozea shall notify the Court whether he will accept service on behalf of the Town, himself, and sanitation employee Mike Dal, in lieu of service by the USMS.

is cautioned that the Amended Complaint will completely replace the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue must be included in the Amended Complaint. Once the Amended Complaint is filed, it will be screened in accordance with 28 U.S.C. § 1915.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

As Plaintiff has consented to electronic notifications (D.E. 9), this Order will not be mailed to him.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: April  20 , 2020
       Central Islip, New York

3